UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LAVADRE BUTLER, ) | Civil Action No.: 4:14-cv-04580-RMG-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| DAVID REZENDES, LIEUTENANT; ) | |
| GARY SEEBLES, CAPTIAN; J.C. ) | |
| WILLIAMS, SEARGANT (SIC); ) | |
| GREGORY WASHINGTON, MAJOR, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PROCEDURAL BACKGROUND**

Plaintiff, a prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on December 4, 2014, alleging a violation of his constitutional rights. On September 4, 2015, Defendants filed a motion for summary judgment. (Doc. #39). As the Plaintiff is proceeding *pro se*, the court issued an order on or about September 8, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response. On October 14, 2015, this court issued an order giving the Plaintiff ten(10) days from the date of the order to file a response to the Defendants' motion for summary judgment or his case may be dismissed for failure to prosecute, with prejudice. On October 26, 2015, Plaintiff filed a motion for a twenty-one (21) day extension of time to file a response. This motion was granted, and Plaintiff was given until November 16, 2015,

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

to file a response advising him that if he failed to file a response, his case may be dismissed for failure to prosecute. (Doc. #49). Plaintiff failed to file a response.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed to this motion for summary judgment. Plaintiff has not responded to Defendants' motion for summary judgment or the court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## CONCLUSION

Based on the above reasoning, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

                                           Respectfully submitted,

                                           s/Thomas E. Rogers, III
                                           Thomas E. Rogers, III
                                           United States Magistrate Judge

November 30, 2015
Florence, South Carolina

    **The parties' attention is directed to the important information on the attached notice.**